IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSH QUINONES and NILA HATMI MADANI, | ) ) ) |
| Plaintiffs, | ) ) ) Cause No. 1:25-CV-182-PPS-JEM |
| vs. | ) ) |
| REV RENEGADE, LLC, FIREFLY INTEGRATIONS LLC, and CUMMINS INC, | ) ) ) ) |
| Defendants. | ) ) |

## **OPINION AND ORDER**

Plaintiffs, Josh Quinones and Nila Hatmi Madani, are suing to remedy their defective RV. Defendant Cummins, who manufactured the RV's engine, has filed a motion to dismiss the complaint or alternatively, a motion for a more definite statement. [DE 15.] Defendant Firefly, who manufactured components of the RV, has similarly filed a motion to dismiss.[DE 18.] For the reasons articulated below, the motions to dismiss will be granted without prejudice to Plaintiffs filing an amended complaint correcting the errors articulated in this order.

**Factual Background**

On August 31, 2022, Plaintiffs purchased a Renegade Verona RV from Holiday Work of Katy, LLC. Holiday World is not a defendant in this case. The RV wasn't cheap; the sales price was $427,110.63. [DE 1, Compl, at ¶¶ 8-9.] According to the complaint, Holiday World sold the RV; Defendant REV Renegade, LLC ("REV")

assembled it; Defendant Firefly manufactured components for the RV; and Defendant Cummins Inc. manufactured the engine. [*Id.* at ¶¶ 2-4, 8.] According to the complaint, all three defendants are citizens of Indiana. *Id.* Plaintiffs allege that any repairs to the RV occurring during the warranty period "were to be made at no charge," but they don't identify which party would supposedly do the free fixes. [*Id.* at ¶ 14.]

Plaintiffs claim the RV had a rash of defects when it was delivered and then developed others over time. They include: non-functioning Firefly touch pads, panel, and system; malfunctioning leg retraction; water tank, faucet, and pump cracks, leaks, and malfunctions; non-working stove, air conditioning, and hot water; non-working tow system installed by the dealer; non-working bathroom vent lids and shower faucet; defective fan control boards; malfunctioning driver side wiper; Firefly system showing inverter, ONAN generator, and aqua hot system faults; and that the generator would not "switch to shore." [*Id.* at ¶ 15.]

As noted by the defendants in the case, Plaintiffs no not allege any specific issues with the RV's engine or Cummins being responsible for any allegedly defective component parts. Additionally, Plaintiffs do not allege any specific actions or inactions on the part of Firefly for being responsible for any allegedly defective components; however, the complaint does allege defects with the "Firefly system" and "panel." [DE 1 at ¶ 15.]

Defendant REV Renegade has answered the complaint. [DE 11.] But the other two defendants—Cummins and Firefly—have filed motions to dismiss under Rule

2

12(b)(6) or, alternatively, to order Plaintiffs to re-plead their allegations under Rule 12(e). [DE 15 at 21; DE 18 at 14.] Additionally, they have asked that the action be "abated" for Plaintiffs to comply with the 60-day notice period under the Texas Deceptive Trade Practices Act (or DTPA), Tex. Bus. & Com. Code ¶ 17.505(a).

Plaintiffs filed two very terse memoranda responding to the motions. [DE 17; 20.] Regarding Cummins' motion, Plaintiffs state they "believe their Complaint is sufficiently plead; but to the extent this Honorable Court finds that the complaint fails to properly plead any claims, then Plaintiffs would seek leave to amend their Complaint." [DE 17 at 2.] In that memorandum, Plaintiffs do not oppose abatement for 60 days.[1] *Id.*

Responding to Firefly's motion, Plaintiffs argue "[t]he Complaint alleges the RV was equipped with Firefly-branded system components, including touchpads, panels, and electrical integration systems, which failed in material respects. These included inverter failures, generator malfunctions, and faults in key safety features. These are concrete, non-speculative allegations tied directly to Firefly's products." [DE 20 at 2.] Plaintiffs also argue that Rule 9(b) does not apply to the entire pleading and that discovery will further clarify each defendant's role. *Id.* While Plaintiffs do not oppose abatement in response to Cummins' motion, they state they sent Firefly formal written

---

[1] Cummins accurately points out in its reply that Plaintiffs filed their response to its motion to dismiss two days late, without setting out a valid excuse. [DE 19 at 1.] While I certainly do not condone such late filings, in the interest of justice, I will ignore this hiccup, but only once, and will therefore consider the merits of the response.

3

notice of the claims on June 24, 2025, so any 60-day abatement for Firefly would only be until August 23, 2025. [*Id.* at 3.]

## Procedural Background

Plaintiffs originally filed this suit in the Southern District of Texas against REV on August 19, 2024. That lawsuit alleged three counts: violation of the Texas DTPA (Count 1), breach of express warranties (Count 2), and breach of implied warranties (Count 3). *See Quinones et al v. Rev Recreation Group, Inc.*, No. 4:24-cv-3092 (S.D. Tex).[2] REV moved to dismiss the complaint and abate the case. [*See* Texas case docket, attached to Cummins' motion to dismiss as DE 15-1.] The court granted REV's motion to dismiss without prejudice and granted Plaintiffs leave to amend the complaint by January 31, 2025. Plaintiffs then filed an amended complaint on January 29, 2025, naming REV, Holiday World, Firefly, and Cummins as defendants. On February 12, 2025, REV again moved to dismiss the amended complaint. Plaintiffs then voluntarily dismissed REV without prejudice. A few weeks later, Cummins also sought dismissal and abatement. Plaintiffs then voluntarily dismissed the lawsuit against Cummins and Firefly on the same day Cummins filed its motion. The Texas case remains pending against only Holiday World.

On April 15, 2025, Plaintiffs sought a less sunny locale to pursue its claim filing a

---

[2] In ruling on this motion to dismiss, I can take judicial notice of pleadings and orders in Plaintiffs' related case filed previously in Texas. *See Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-82 (7th Cir. 1997) (ruling courts may take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment).

4

new complaint here in northern Indiana. The claims remain the same: Count One is under Texas' DTPA; Count Two is for Breach of Express Warranty; and Count Three is for Breach of Implied Warranty. Both Cummins and Firefly then filed the subject motions to dismiss and alternatively, for a more definite statement, and motion to abate. [DE 15, 18.]

## Discussion

Under Federal Rule of Civil Procedure 8(a), Plaintiffs' complaint is required to contain "a short and plain statement showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). At this stage, I accept the complaint's allegations as true and draw all reasonable inferences in Plaintiffs' favor. *Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002, 1006 (7th Cir. 2021). However, to avoid dismissal under Rule 12(b)(6), a claim for relief must be "plausible on its face." *Proft v. Raoul*, 944 F.3d 686, 690 (7th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Facial plausibility requires a plaintiff to plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Taha v. Int'l Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Seventh Circuit has explained that a plaintiff must plead facts that "suggest a right to relief that is beyond the speculative level," which requires alleging "enough details about the

5

subject-matter of the case to present a story that holds together." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "[S]heer speculation, bald assertions, and unsupported conclusory statements" in the complaint fail to meet this burden. *Taha*, 947 F.3d at 469.

At the get go, choice of law needs to be addressed. Plaintiffs allege claims under the Texas Deceptive Trade Practices Act (not the Indiana equivalent which is the Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1 through 24-5-0.5-12). Both Cummins and Firefly address the sufficiency of Plaintiffs' claims under Texas law; however, they also both cite Indiana law out of an abundance of caution. At this stage of the proceedings I need not decide which law is controlling, so I will also refer to both Texas and Indiana law.

**I.    DTPA Claims (Count 1)**

Plaintiffs claim "Defendants" (meaning all of them) violated the following sections of the DTPA: §§ 17.50(a) (false, misleading, or deceptive act or practice), 17.50(2) (breach of express or implied warranty); 17.50(d) (unconscionable action); and 17.46(b)(12) (false representation that an agreement involves rights, remedies, or obligations which it does not have or involve.) [DE 1 at ¶ 20.] The basic elements of a DTPA claim are: (1) the plaintiff was a consumer; (2) defendant engaged in false, misleading, or deceptive acts, and (3) those acts were a producing cause of the plaintiff's damages. *See Perez v. DNT Global Star, LLC*, 339 S.W.3d 692, 705 (Tex. App. 2011).

The second and third element are insufficiently pleaded as to both defendants

6

Firefly and Cummins. The complaint merely recites sections of the statute, stating:

> Defendants violated the following provisions of the DTPA:
>
> a. § 17.50(a); the use or employment of a false, misleading or deceptive acts or practices as defined in § 17.46(b)(5), § 17.46(b)(6), § 17.46(b)(7), § 17.46(b)(9), § 17.46(b)(12), § 17.46(b)(13), § 17.46(b)(20), § 17.46(b)(22), and § 17.46(b)(24) of the DTPA that were detrimentally relied upon by Plaintiffs;
>
> b. § 17.50(2): breach of express warranty, as defined in § 2.313 of the Tex Bus and Com Code (the warranty failed of its essential purpose and Plaintiffs were deprived of substantial value of bargain because the defect was not corrected within reasonable time);
>
> c. § 17.50(2): breach of the implied warranty to perform repairs in a good and workmanlike manner, as set forth in *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 354 (Tex. 1987);
>
> d. § 17.50(2): breach of the implied warranty of merchantability as defined in § 2.314 of the Texas Business and Commerce Code;
>
> e. § 17.50(3): an unconscionable action or course of action as defined by § 17.45(5); and
>
> f. § 17.46(b)(12): misrepresenting agreements and legal rights.

[DE 1 at ¶ 20.] These aren't facts; they're conclusions. In other words, the problem with the complaint is that it recites the elements of the DTPA, but provides no facts whatsoever and refers to the defendants collectively without any differentiation whatsoever between them. While I am somewhat sympathetic to Plaintiffs that it would be difficult at the beginning of a lawsuit to differentiate the roles and actions of the three defendants in this case, the instant complaint just isn't up to muster.

Regarding the three alleged violations of the DTPA, there are no specific facts pleaded claiming how Cummins or Firefly supposedly committed a false, misleading,

7

or deceptive act. This is necessary under a DTPA claim. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478-79 (Tex. 1995) (requiring false, misleading, or deceptive acts, stating "to be actionable under the DTPA," the defendant must have *known* the information"); *Sun Develop., LP. v. Hughes*, No. 09-12-00524-CV, 2014 WL 4755467, at *7 (Sept. 25, 2014) (to prevail on a DTPA claim plaintiffs must show the defendant engaged in false, misleading, or deceptive acts); *Shea v. General Motors LLC*, 567 F.Supp.3d 1011, 1024 (N.D. Ind. 2021) (finding for the Indiana DTPA equivalent, the Indiana Deceptive Consumer Sale Act, that "an intent to defraud or mislead is a required element of an incurable deceptive act," noting Rule 9(b)'s heightened pleading standard applied to these claims, and finding "[a] mine-run breach of warranty claim isn't enough."); *Lyons v. Leatt Corp.*, No. 4:15-CV-17-TS, 2015 WL 7016469, at *4 (N.D. Ind. Nov. 10, 2015) (dismissing IDCSA claim because the complaint only provided generalized statements about where representations were made and how the plaintiff relied upon them).

This case is very similar to *Popham v. Keystone RV Co.*, No. 3:15-cv-197-TLS, 2017 WL 131726, at *3 (N.D. Ind. Jan. 13, 2017), where the plaintiff was also a resident of Texas and purchased an RV manufactured by an Indiana entity. In deciding a motion for summary judgment (which is admittedly a different stage than this motion to dismiss), Judge Springmann noted the Texas DTPA claim is "subject to the requirements of Rule 9(b)." *Id.* at *3 (citing *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998)). Specifically, a plaintiff must "specify the statements contended to be fraudulent, identify the speaker, and state when and where

8

the statements were made, and explain why the statements were fraudulent." *Id.* (citation omitted). The court found that puffery or opinion was not enough, but to consider whether the TDTPA was violated, "a court should first consider the specificity of the statement (i.e., 'sales talk' versus an express warranty) and its context, and then consider the disparity of knowledge between the parties." *Id.* In *Popham*, the Plaintiff premised her TDTPA claim on certain statements contained within the Defendant's sales brochure. *Id.* at *4. But the court found that statements like the RV "provided unmatched quality, luxury and livability" and "would surround the owner with the finer things" were not actionable misrepresentations but rather "highly subjective and indicative of a statement of opinion." *Id.* Thus, the court granted summary judgment on Plaintiff's TDTPA claim.

In this case, the complaint fails to identify anything Cummins (who manufactured the engine) did, or what services Cummins allegedly failed to provide, or what representations they allegedly made that were false or misleading. The same goes for Firefly (who manufactured component parts)—the complaint does not identify any Firefly actions or representations that were false or misleading. Indeed, the complaint states hardly any facts at all about these two defendants. Instead, it simply states in a conclusory way "[t]he Defendants' conduct in violation of the DTPA was committed knowingly . . . in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions" and the practices were committed "intentionally." [DE 1 at ¶¶ 48-49.] But "[p]leading fraud with particularity in this

9

circuit requires time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (quotation omitted); *see also Webb v. Frawley*, 906 F.3d 569, 582 (7th Cir. 2018) (finding complaint did not satisfy Rule 9(b) where it was not sufficiently detailed and didn't provide a cohesive theory of fraud).

Mere recitation of the statutory DTPA language does not satisfy Rule 9(b)'s heightened pleading requirement. *See Siddiqui v. Nationwide Property & Cas. Ins. Co.*, Case No. H-10-4794, 2011 WL 722208, at *2 (S.D. Tex. Feb. 21, 2011). Although Plaintiffs claim the heightened pleading standard of Rule 9(b) does not apply to claims under the DTPA [DE 20 at 2], the very case cited by Plaintiffs states the contrary. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998) ("Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)."); *see also Jay Freeman Co. v. Glens Falls Ins. Co.*, 486 F.Supp. 140, 141 n.1 (N.D. Tex. 1980) (noting district court's dismissal of DTPA claims without prejudice for failure to comply with Rule 9(b)); *Waters v. State Farm Mut. Auto Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994) (dismissing actions alleging, *inter alia*, violations of the DTPA for failing to satisfy the requirements of Rule 9(b)).

To the extent the complaint also alleges that Cummins and Firefly violated section 17.50(3) by committing an "unconscionable action," this claim is similarly

unsupported by any specific allegations as to what act or practice they employed. Without more details, these conclusory statements about all of the defendants lumped together are "precisely the type of allegation[s] that should be disregarded when evaluating pleadings." *Kumar v. Panera Bread Co.*, No. 4:21-cv-03779, 2024 WL 4281018, at *4 (S.D. Tex. Sept. 24, 2024) (dismissing DTPA claim for unconscionable conduct under § 17.50(a)(3) where the complaint lacked the requisite detail).

Finally, Plaintiffs have also failed to sufficiently plead a claim against Cummins and Firefly for violation of section 17.46(b)(12), or making a false representation that an agreement involves rights, remedies, or obligations which they do not have or involve. The complaint alleges that Plaintiffs purchased the RV from Holiday World, not Cummins or Firefly. [DE 1 ¶ 8.]  Indeed, "[t]he sales contract was presented to Plaintiffs at the dealership and was executed at the dealership." *Id.*  Plaintiffs don't allege that either Cummins or Firefly was party to any sales contract.  Plaintiffs state the purchase was "accompanied by express warranties offered by Defendant [singular] and extending to Plaintiffs." [*Id.* at ¶ 13.]  The complaint suggests "[a]dditional warranties were set forth in the Defendants' warranty booklets and owner manuals" but never alleges that Firefly or Cummins provided a warranty booklet or owner's manual, that Plaintiffs ever read or received a Cummins or Firefly booklet or manual, or that Firefly agreed to perform any repair work. [*Id.* at ¶ 14.]

In sum, because Plaintiffs have failed to plead sufficient facts that Cummins and Firefly made any false representations, the DTPA claims presently fail to state a viable

11

cause of action.

## II.    Breach of Express Warranties (Count 2)

Both Texas and Indiana have adopted the UCC which provides the elements for a cause of action for breach of express warranty are: (1) the defendant-seller made an express affirmation of fact or promise relating to the goods; (2) that affirmation or promise became a part of the bargain; (3) the plaintiff relied upon the affirmation or promise; (4) the goods did not comply with the affirmation or promise; (5) the plaintiff was damaged by the noncompliance; and (6) the failure of the product to comply was the proximate cause of the plaintiff's injury. *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F.Supp.2d 805, 814 (S.D. Tex. 2013); Ind. Code § 26-1-2-313.

Plaintiffs don't allege that Cummins or Firefly made an express affirmation of fact or promise relating to the RV or its engine. They broadly claim "[t]he Defendants' advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty." [DE 1 at ¶ 35.] But under Texas law, general marketing materials are insufficient to constitute a warranty. *See MacGregor Med. Ass'n v. Campbell*, 985 S.W.2d 38, 40 (Tex. 1998) (finding statements made in marketing materials that defendant would provide weren't specific enough to constitute a warranty for DTPA purposes); *see also Jarrett v. Wright Med. Tech., Inc.*, No. 1:12-cv-64-SEB-DML, 2019 WL 2567708, at *7 (S.D. Ind. June 21, 2019) (finding without specific assertions identifying in what marketing medium the false statements appeared, the claims were insufficiently pled).

12

Further, Plaintiffs claim "Defendants issued an expressed [sic] written warranty which covered the Subject RV," [DE 1 at ¶ 35], but fail to allege that either Cummins or Firefly was privy to the written warranty, and failed to include a copy of the warranty with the complaint.  As shown by the Texas record, which this court may take judicial notice, REV manufactured and warranted the subject RV—not Cummins or Firefly. [DE 15-1, entry 7 at Exs. 1, 2.]  Because the complaint does not allege that Cummins or Firefly manufactured the RV, and Plaintiffs do not identify any warranties that Cummins or Firefly specifically provided, this count does not properly state a claim against Firefly or Cummins.

### III. Breach of Implied Warranties (Count 3)

Finally, Plaintiffs allege Cummins and Firefly breached the DTPA implied warranty to perform repairs in a good and workmanlike manner, as well as the DTPA and common law implied warranty of merchantability. [DE 1, at ¶¶ 20(c), 20(d), 41.]  Once again, Plaintiffs' allegations are insufficient to survive a motion to dismiss because they have not specified which defendant is responsible for any alleged act.  To the extent their claims are aimed at Cummins and Firefly, Plaintiffs fail to state any facts demonstrating Cummins or Firefly agreed to perform repairs on the subject RV.  While the complaint alleges the RV's "more significant and dangerous conditions were not repaired" [*Id.* at ¶ 16], they fail to identify what those "dangerous conditions" were that would render it unsafe or unfit for use.  Finally, Plaintiffs fail to identify how Cummins or Firefly is involved with any purported implied warranties.

13

**IV.     Remedies Under Texas (or Indiana) Law**

In addition to monetary damages, Plaintiffs also seek rescission of the sales contract under section 17.50(b)(3) of the Texas DTPA. [DE 1, at ¶¶ 31, 46.] Plaintiffs also seek cancellation of the purchase transaction, an order restoring money allegedly obtained by the Defendants from the Plaintiffs, and cancellation of the debt. [*Id.* at ¶¶ 46-47.] As shown by the warranty, REV manufactured and warranted the RV and Holiday World sold the RV, not Cummins or Firefly. [DE 15-1, entry 7, Exs. 1,2.] Accordingly, because neither Cummins nor Firefly are "sellers" under the Act, rescission is not a remedy as against those two defendants. *See Neal v. SMC Corp.*, 99 S.W.3d 813, 818 (Tex. App. - Dallas 2003, no pet.) (holding the plaintiff "had no privity of contract with [the manufacturer of the recreational vehicle necessary] to obtain the remedy of revocation" of the sales contract for the allegedly defective vehicle.); *Barnett v. Forest River, Inc.*, No. 9:17-cv-99, 2017 WL 773052, at *3 (E.D. Tex. Nov. 29, 2017) ("Because Forest River is a distinct manufacturer, Plaintiffs do not have a contractual relationship with Forest River. Plaintiffs are therefore not entitled to sue Forest River for revocation under section 2.608 of the Texas Business and Commerce Code"); *see also Castgna v. Newmar Corp.*, 340 F.Supp.3d 728, 742 (N.D. Ind. 2018) (finding no contract privity and that neither rescission nor revocation of consumer's acceptance were available remedies under Indiana law for a consumer's claims against the remote manufacturer which was not the seller of the vehicle); *Skodras v. Gulf Stream Coach, Inc.*, No. 3:08 CV 441, 2010 WL 145370, at *4-5 (N.D. Ind. Jan. 8, 2010) (holding that "without

contract privity, a buyer cannot revoke a contract against a remote manufacturer" and noting a party that only manufactures the vehicle is not a seller for purposes of rescission).

What's more, Plaintiffs cannot recover damages for mental anguish as alleged. [DE 1, at ¶¶ 44-45.]  The DTPA allows for damages where a defendant "knowingly" commits false and deceptive acts and had actual knowledge or awareness of such falsity.  Tex. Bus. & Com. Code § 17.50(b).  In this case, Plaintiffs have not adequately pleaded that Cummins or Firefly committed any false or deceptive act, let alone that they had any knowledge of such act.  Thus, as the complaint stands, damages for mental anguish are not recoverable.

**V.     The Remedy**

Overall, there is no doubt in my mind that this complaint currently does not state a claim against Cummins or Firefly, and it does not give sufficient notice of the claims against them.  It is vague, fails to differentiate between different defendants, and contains rife inferences with no factual support.  And what makes this situation especially frustrating is that, considering the previously filed Texas lawsuit, this is already Plaintiffs' third attempt at pleading a viable case.

Firefly and Cummins have asked for either dismissal or, alternatively, ordering the Plaintiffs to submit a more definite statement under Rule 12(e).  Rule 12(e) states that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party

cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "In general, motions for a more definite statement under Rule 12(e) are appropriate when a pleading fails to specify the allegations in a manner that provides sufficient notice." *Morrison v. Prairie Farms Dairy, Inc.*, No. 1:21-cv-216-WCL-SLC, 2021 WL 2952915, at *1 (N.D. Ind. July 14, 2021). "Rule 12(e) and related caselaw make it plain that the rule is designed to strike at unintelligiblity rather than want of detail." *Flentye v. Kathrein*, 485 F.Supp.2d 903, 911 (N.D. Ill. 2007); *see also Adam v. D&W Fine Pack*, No. 1:20-cv-10-HAB-SLC, 2020 WL 4339432, at *1 (N.D. Ind. 2020) (quotations omitted) ("Rule 12(e) motions should not be used as a substitution for discovery . . . . However, a Rule 12(e) motion may be appropriate when a complaint fails to put a defendant on notice as to which of the claims apply to what parties."). Generally, "because of the availability of extensive discovery, Rule 12(e) motions are disfavored and reserved for the rare case where the answering party will not be able to frame a responsive pleading." *Couponcabin LLC v. Savings.com, Inc.*, No. 2:14-CV-39-LTS, 2016 WL 3181826, at *8 (N.D. Ind. June 8, 2016).

I don't think this is the unusual case where a more definite statement is required under Rule 12(e). The complaint is not unintelligible, it's just incomplete. As discussed in detail in this order, it needs to be amended to add specificity and state proper claims against Cummins and Firefly. The Seventh Circuit has instructed when a plaintiff's complaint is dismissed, the general rule is to give at least one opportunity to amend the complaint to cure the pleading defects. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519 (7th Cir. 2015); *see also Barry Aviation Inc.*

16

*v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 690 (7th Cir. 2004) (reversing denial of leave to amend, and stating that leave to amend should be denied only where "it appears to a certainty that the plaintiff cannot state a claim upon which relief can be granted."). Therefore, I will dismiss the claims against Defendants Cummins and Firefly without prejudice, giving Plaintiffs an opportunity to cure the defects mentioned in this order in an amended complaint.

## VI.    Abatement

There's one final issue to address before wrapping up: Section 17.505(a) of the DPTA requires a consumer filing suit to give a sixty-day written notice to the defendant before commencing the action to advise him or her "in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant." Tex. Bus. & Com. Code § 17.505(a). The purpose of the sixty-day notice obligation under the statute is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) (internal quotations omitted).

If the defendant does not receive the timely notice, he or she may file a plea in abatement. Tex. Bus. & Com. Code § 17.5-5(c). Thus, if the plaintiff fails to provide the requisite written notice, the defendant is entitled to abate the proceedings for sixty days. *See, e.g., Boone v. SAFECO Ins. Co.*, No. H-09-1613, 2009 WL 3063320, at *2 (S.D. Tex. Sept. 22, 2009).

17

Cummins and Firefly have both timely requested an abatement, but are in somewhat different positions. Regarding Cummins, Plaintiffs don't oppose abatement, and apparently still have not given Cummins proper notice. Plaintiffs state "they agree to serve formal notice in compliance with the statute during the abatement period and will use this time to prepare a more detailed pleading." [DE 17 at 2.] In contrast, Plaintiffs claim they sent Firefly formal written notice of the claims on June 24, 2025, so any 60-day abatement would be until August 23, 2025. [DE 20 at 3.]

This case will be stayed until sixty days after Plaintiffs have provided both Cummins and Firefly with the proper written notice. Since it is a little unclear whether and when the notice has gone out to both defendants, Plaintiffs should file a notice with the court when the sixty-day period has concluded for Cummins and Firefly, and at that time the stay will be lifted.

## Conclusion

For all of the above-mentioned reasons, this case will be STAYED until Plaintiffs file a notice with the Court that the 60-day abatement period has been satisfied as to both Defendants Cummins and Firefly.

Additionally, Defendant Cummins, Inc.'s motion to dismiss [DE 15] and Defendant Firefly Integrations LLC's motion to dismiss [DE 18] are BOTH GRANTED. The complaint is DISMISSED WITHOUT PREJUDICE as to only Defendants Cummins and Firefly. If Plaintiffs believe they can cure the deficiencies in the complaint pointed out in this opinion, they may file an amended complaint within 30 days after the stay in

18

the case has been lifted.

**SO ORDERED**.

ENTERED: August 25, 2025

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT